IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Kelly Mitchell Group, Inc., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. _____ |
| Mark Trelstad, | ) **JURY TRIAL DEMANDED** |
| Serve at: 4040 Avondale Avenue, Unit 208 B<br>Dallas, Texas 75219 | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

COMES NOW Plaintiff Kelly Mitchell Group, Inc., by and through its undersigned attorneys, and for its Verified Complaint for Injunctive and Other Relief against Defendant Mark Trelstad, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Kelly Mitchell Group, Inc. ("***Plaintiff***") is, and at all times relevant hereto was, a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2. Mark Trelstad ("***Defendant***") is, and at all times relevant hereto was, a resident of the state of Texas, residing in the Dallas, Texas area.

3. This Court has original jurisdiction in this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of interest and costs and because the controversy is between citizens of different states.

4. This Court has personal jurisdiction over Defendant because Defendant consented, in the contract at issue in this lawsuit, to the jurisdiction of the United States District

Court for the Eastern District of Missouri and the parties to this lawsuit have sufficient minimum contacts with this District to satisfy due process requirements.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the contract at issue in this lawsuit names the State of Missouri and Eastern District of Missouri as the choice of venue. See *Section 5.5* of Exhibit A.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a nationwide professional and IT staffing services company specializing in placing qualified business professionals.

7. Plaintiff's success depends on its confidential proprietary information, trade secrets and good will as well as its customer, consultant and employee relationships.

8. Defendant began his employment with Plaintiff on October 16, 2014 as a Technical Recruiter in Plaintiff's Dallas, Texas office.

9. In consideration for payment of Five Hundred Dollars ($500.00) and continued employment with Plaintiff, Defendant knowingly and voluntarily executed a Non-Disclosure, Non-Compete and Non-Solicitation Agreement ("*Agreement*") on December 15, 2014, which included non-compete, confidentiality and non-solicitation clauses, as well as a choice of law provision selecting the State of Missouri as controlling law. A copy of the Agreement is attached hereto and incorporated herein as **Exhibit A**.

10. In his position, Defendant had access to Plaintiff's confidential, proprietary, client, consultant, candidate and trade secret information.

11. With access to Plaintiff's confidential documents and information, Defendant acquired influence over Plaintiff's consultants, candidates and employees such that Plaintiff's

goodwill and ability to retain its customers, consultants, candidates and employees rests in part with Defendant.

12. In furtherance of the development of Defendant's influence over Plaintiff's consultants, candidates and employees, Plaintiff invested considerable sums of money to train and compensate Defendant.

13. Defendant remained in his position as Technical Recruiter until March 17, 2015, when he voluntarily resigned his employment.

14. On the morning of March 17, 2015, shortly before providing his resignation and while still employed by Plaintiff, Defendant accessed his Kelly Mitchell work email account, via Plaintiff's system and his Plaintiff-issued laptop, and forwarded several emails to his personal email account which contained confidential and proprietary information of Plaintiff, including, without limitation, Plaintiff's proprietary training materials and confidential consultant candidate information.

15. Materials that Defendant emailed to his personal email account included names of Plaintiff's consultant candidates along with their contact information, work history, and qualifications.

16. Defendant's last day of employment with Plaintiff was March 17, 2015.

17. After his voluntary resignation from Plaintiff, Defendant took an employment position with Plaintiff's competitor, Medix Staffing Solutions, Inc., in Irving, Texas.

18. Medix Staffing Solutions, Inc. ("*Medix*") provides professional staff augmentation services and strategic business consultation.

19. The Medix location in Irving, Texas is located less than fifty (50) miles from Plaintiff's Dallas, Texas office.

20. Upon information and belief, Defendant's position with Medix, as Personnel Consultant, facilitates strategic business consultant services to companies in the Dallas, Texas area.

21. Upon information and belief, Defendant is using and may use Plaintiff's confidential proprietary information, including information about Plaintiff's consultants and candidates, that Defendant obtained during his employment with Plaintiff in an effort to gain an unfair competitive advantage in the marketplace.

22. At all times relevant hereto, the Agreement was in effect.

23. Plaintiff performed its duties and obligations under the Agreement in all respects and fulfilled all conditions precedent necessary for commencement of this lawsuit.

## COUNT I

## BREACH OF CONTRACT – NON-COMPETE

24. Plaintiff incorporates the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff's Non-Disclosure, Non-Compete and Non-Solicitation Agreement expressly provides that:

"3.3 NON-COMPETITION AGREEMENT

For a period of one (1) year commencing immediately upon termination of Employee's employment with KellyMitchell for any reason, Employee agrees not to provide services to, promote, work for or engage in activities on behalf of, or for the benefit of, any individual or entity that provides information technology or business strategic consulting, information technology or professional staff augmentation or outsourced business solutions in a capacity of managing or facilitating information technology

consultant services provided to or used by these companies within a fifty (50) mile radius of any KellyMitchell location where Employee worked."

See, *Section 3* of <u>Exhibit A</u>.

26. The Agreement is supported by adequate consideration in the form of Plaintiff's payment of Five Hundred Dollars ($500.00) to the Defendant.

27. Plaintiff has performed each and every obligation owed to Defendant under the Agreement, including payment of consideration on or about December 24, 2014.

28. By entering into the Agreement, Defendant agreed that for a period of one year following termination of his employment with Plaintiff, he would not work for any individual or entity, within a fifty (50) mile radius of Plaintiff's Dallas, Texas office, that provides business strategic consulting or professional staff augmentation in a capacity of facilitating consultant services to any company.

29. Less than one year after ending his employment with Plaintiff (in fact, only approximately 2 months after ending his employment), Defendant obtained employment with Medix, in Irving, Texas.

30. Upon information and belief, Medix provides professional staff augmentation services and strategic business consultation and Defendant's position with Medix facilitates strategic business consultant services and professional staffing.

31. During his employment with Plaintiff, Defendant worked out of Plaintiff's Dallas, Texas office.

32. The Medix location in Irving, Texas is located less than fifty (50) miles from Plaintiff's Dallas, Texas office.

33. As such, Defendant has failed to perform his obligations under the Agreement.

34. The Agreement Defendant voluntarily signed reasonably serves to protect Plaintiff's legitimate business interests including consultant candidate contacts, trade secrets and confidential business information.

35. The Agreement is supported by adequate consideration in the form of Plaintiff's payment of Five Hundred Dollars ($500.00) and Plaintiff's agreement to continue to employ Defendant until his resignation on March 17, 2015.

36. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and will continue to suffer damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant in an amount in excess of $75,000.00, for attorney's fees and costs, and for such further and other relief as this Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT – CONFIDENTIALITY

37. Plaintiff incorporates the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff's Non-Disclosure, Non-Compete and Non-Solicitation Agreement expressly provides:

> "2.1 CONFIDENTIAL INFORMATION
>
> For purposes of this Agreement, the term "Confidential Information" means any and all trade secrets, valuable confidential information, substantial confidential relationships, including but not limited to KellyMitchell's relationships with its clients and with its consultant-contractors, and other protectable interests of KellyMitchell, which include but may not be limited to: (i) lists of Consultant

6

candidates and respective contact information, work history, qualifications, work performance, and compensation history…

2.4 EMPLOYEE AGREEMENTS

Employee agrees not to use, publicize, disclose or reveal Confidential Information to any third party without the prior express written authorization of KellyMitchell through one of its officers and that failure to obtain such authorization constitutes misappropriation of the Confidential Information.

Employee agrees not to use, duplicate, or attempt to recreate by memory or otherwise any Confidential Information except for the benefit of KellyMitchell…

Employee agrees that all Confidential Information, materials, equipment (including computer hardware and/or software) and other items related to KellyMitchell's business, whether prepared by Employee or coming into Employee's possession during the period of employment, shall remain the exclusive property of KellyMitchell and shall not be removed from KellyMitchell's premises under any circumstances whatsoever without KellyMitchell's prior written consent. When Employee's employment terminates, or at any time during Employee's employment upon request of KellyMitchell, Employee will return to KellyMitchell, and shall not retain, all Company property and all documents, computer disks, and other electronic storage media containing or embodying any Confidential Information, and shall destroy or erase all such information from all non-Company owned information

systems and electronic media storage disks (after first making a copy of the same and delivering it to KellyMitchell)...

2.5 DURATION

Employee's obligations regarding the Confidential Information shall remain in full force and effect after the termination of Employee's employment with KellyMitchell for any reason."

See, *Section 2* of Exhibit A.

39. The Agreement is supported by adequate consideration in the form of Plaintiff's payment of Five Hundred Dollars ($500.00) to the Defendant.

40. Plaintiff has performed each and every obligation owed to Defendant under the Agreement, including payment of consideration on or about December 24, 2014

41. By entering into the Agreement, Defendant agreed that no Confidential Information of Plaintiff of any type shall be removed from Plaintiff's premises, nor used or disclosed to any third party except for the benefit of Plaintiff.

42. By entering into the Agreement, Defendant agreed not to retain or duplicate any Confidential Information except for the benefit of Plaintiff, including during and after his employment with Plaintiff (for any reason).

43. By entering into the Agreement, Defendant expressly acknowledged that "Confidential Information" included, but was not limited to, lists of consultant candidates and respective contact information, work history, and qualifications.

44. On the morning of March 17, 2015, shortly before providing his resignation and while still employed by Plaintiff, Defendant accessed his Kelly Mitchell work email account, via Plaintiff's system and his Plaintiff-issued laptop, and forwarded several emails to his personal

email account which contained confidential and proprietary information of Plaintiff, including, without limitation, Plaintiff's proprietary training materials and confidential consultant candidate information.

45. Defendant did not obtain or receive consent or authorization of any kind from Plaintiff to retain or remove Confidential Information from Plaintiff's premises.

46. Upon information and belief, Defendant is using and may use Plaintiff's confidential business information and trade secret information obtained during his employment with Plaintiff, including information about Plaintiff's consultant candidates, to unfairly compete with Plaintiff, including, but not limited to, for the benefit of Medix.

47. As such, Defendant has failed to perform his obligations under the confidentiality provisions of the Agreement.

48. The Agreement Defendant voluntarily signed reasonably serves to protect Plaintiff's legitimate business interests including consultant candidate contacts, trade secrets and confidential business information.

49. The Agreement is supported by adequate consideration in the form of Plaintiff's payment of Five Hundred Dollars ($500.00) and Plaintiff's agreement to continue to employ Defendant until his resignation on March 17, 2015.

50. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and will continue to suffer damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant in an amount in excess of $75,000.00, for attorney's fees and costs, and for such further and other relief as this Court deems just and proper.

## COUNT III

## MISAPPROPRIATION OF TRADE SECRETS
## IN VIOLATION OF RSMO § 417.453 ET. SEQ.

51. Plaintiff incorporates the allegations set forth in paragraphs 1 through 50 as if fully set forth herein.

52. During his employment with Plaintiff, Defendant had access to and acquired knowledge of Plaintiff's confidential and proprietary trade secrets as defined by RSMo. § 417.453 *et seq.* including but not limited to 1) Plaintiff's consultant and candidate contact information; 2) Plaintiff's customer contact names and contact information; 3) Plaintiff's proprietary training process and training materials; and 4) Plaintiff's confidential recruitment delivery and performance metrics, pay rates and subsequent client pricing details.

53. Under RSMo. § 417.453 *et. seq.*, it is unlawful to misappropriate trade secrets by disclosing or using a trade secret without express or implied consent, by any person who at the time of disclosure knew or had reason to know that knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

54. Section 2.3 of the Agreement provides that Defendant "acknowledges that the Confidential Information constitutes trade secrets or other protectable interests of KellyMitchell for purposes of all applicable laws, and that access to the Confidential Information would not be provided to Employee by KellyMitchell but for Employee's agreement to the obligations set forth in this Agreement." See **Exhibit A**.

55. Defendant has both statutory and contractual duties to maintain Plaintiff's trade secrets in confidence.

56. Under RSMo. § 417.453 *et. seq.*, "in appropriate circumstances, affirmative acts to protect trade secrets may be compelled by court order."

57. Defendant should be enjoined from owning, operating, managing, working for, working with or participating with Medix, or any other person or entity, in a manner that involves the misappropriation of Plaintiff's confidential and proprietary trade secrets.

58. Defendant's actual and/or threatened violation of RSMo. § 417.453 *et. seq.* should be enjoined pursuant to RSMo. § 417.453 *et. seq.*

59. As a result of Defendant's actual and/or threatened violation of RSMo. § 417.453 *et. seq.* and his violation of his contractual duties under the Agreement, Plaintiff has and will continue to suffer irreparable harm for which there is no adequate remedy at law.

60. Unless enjoined, Defendant will continue to violate his legal obligations under the contract and under RSMo. § 417.453 *et. seq.*

61. Defendant's conduct has damaged and will continue to damage Plaintiff.

WHEREFORE, Plaintiff respectfully prays for damages in excess of $75,000, for costs and attorney's fees, and for such further and other relief as this Court deems just and proper.

## COUNT IV

## INJUNCTIVE RELIEF

62. Plaintiff incorporates the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63. Pursuant to Federal Rule of Civil Procedure 65, Plaintiff seeks a temporary restraining order, a preliminary injunction and a permanent injunction against Defendant.

64. Plaintiff brings this cause of action for temporary injunction, preliminary injunction and permanent injunction seeking to enjoin Defendant from:

   a. soliciting, attempting to solicit, inducing or attempting to induce clients of Plaintiff to leave, reduce, terminate or not enter into a business relationship with Plaintiff;

b. soliciting, recruiting, hiring, interfering with or inducing employees of Plaintiff to leave or alter their employment with Plaintiff;

c. providing service to, promoting, working for or benefiting any individual or entity in business strategic consulting or professional staff augmentation within a fifty (50) mile radius of Plaintiff's Dallas, Texas office;

d. interfering with Plaintiff's business expectations in the United States; and

e. using and/or divulging Plaintiff's trade secrets or confidential information.

65. On December 15, 2014, Defendant voluntarily entered into the Agreement with Plaintiff as consideration for Plaintiff's payment of Five Hundred Dollars ($500.00) and continued employment with Plaintiff whereby Defendant agreed that upon his employment cessation, he would not retain or use any of Plaintiff's confidential information or trade secrets. Defendant also agreed, for a period of one year after termination, he would not: (a) work for any competing third-party within a fifty (50) mile radius of Plaintiff's Dallas, Texas office; (b) solicit clients of Plaintiff; or (c) solicit employees of Plaintiff.

66. In Section 3 of the Agreement, Defendant agreed nothing in the Agreement would create a hardship for him, and further acknowledged that nothing in the Agreement would prevent him from earning a livelihood utilizing his skills.

67. Defendant ended his employment with Plaintiff on March 17, 2015 when he resigned.

68. Upon information and belief, Defendant is now employed by Plaintiff's competitor Medix.

69. Upon information and belief, the office of Medix in which Defendant now works (in Irving, Texas) is less than fifty (50) miles from Plaintiff's Dallas, Texas office.

70. Upon information and belief, Defendant has violated and continues to violate the Agreement in that he has obtained competing employment within the fifty (50) mile radius at Medix and in that he has retained and/or used confidential information of Plaintiff.

71. Defendant's conduct has caused and, unless enjoined, will continue to cause irreparable damage to Plaintiff rendering the legal remedy of money damages alone inadequate.

72. In being subject to a temporary restraining order sought by Plaintiff herein, Defendant shall suffer no undue prejudice or hardship as compared to that currently suffered by Plaintiff in that Defendant will only be required to forebear from engaging in activity in violation of the Agreement until a hearing can be conducted on Plaintiff's application for a preliminary injunction and further Order of this Court.

73. In being subject to a preliminary injunction sought by Plaintiff herein, Defendant shall suffer no undue prejudice or hardship as compared to that currently suffered by Plaintiff in that Defendant will only be required to forebear from engaging in activity in violation of the Agreement until a trial on the merits is had on Plaintiff's claims.

74. Plaintiff will have probable success on the merits of the Petition for Permanent Injunction.

WHEREFORE, Plaintiff prays that this Court enter its Order in favor of Plaintiff and against Defendant as follows:

a. Temporarily restraining Defendant from soliciting, attempting to solicit, inducing or attempting to induce clients of Plaintiff to leave, reduce, terminate or not enter into a business relationship with Plaintiff;

b. Temporarily restraining Defendant from soliciting, recruiting, hiring, interfering with or inducing employees of Plaintiff to leave or alter their employment with Plaintiff;

c. Temporarily restraining Defendant from providing service to, promoting, working for or benefiting any individual or entity in business strategic consulting or professional staff augmentation within a fifty (50) mile radius of Plaintiff's Dallas, Texas office;

d. Temporarily restraining Defendant from interfering with Plaintiff's business expectations in the United States;

e. Temporarily restraining Defendant from using and/or divulging Plaintiff's trade secrets or confidential information;

f. Preliminarily enjoining Defendant from soliciting, attempting to solicit, inducing or attempting to induce clients of Plaintiff to leave, reduce, terminate or not enter into a business relationship with Plaintiff;

g. Preliminarily enjoining Defendant from soliciting, recruiting, hiring, interfering with or inducing employees of Plaintiff to leave or alter their employment with Plaintiff;

h. Preliminarily enjoining Defendant from providing service to, promoting, working for or benefiting any individual or entity in business strategic consulting or professional staff augmentation within a fifty (50) mile radius of Plaintiff's Dallas, Texas office;

i. Preliminarily enjoining Defendant from interfering with Plaintiff's business expectations in the United States;

j. Preliminarily enjoining Defendant from using and/or divulging Plaintiff's trade secrets or confidential information;

k. Permanently enjoining Defendant from soliciting, attempting to solicit, inducing or attempting to induce clients of Plaintiff to leave, reduce, terminate or not enter into a business relationship with Plaintiff;

l. Permanently enjoining Defendant from soliciting, recruiting, hiring, interfering with or inducing employees of Plaintiff to leave or alter their employment with Plaintiff;

m. Permanently enjoining Defendant from providing service to, promoting, working for or benefiting any individual or entity in business strategic consulting or professional staff augmentation within a fifty (50) mile radius of Plaintiff's Dallas, Texas office;

n. Permanently enjoining Defendant from interfering with Plaintiff's business expectations in the United States;

o. Permanently enjoining Defendant from using and/or divulging Plaintiff's trade secrets or confidential information;

p. And for such further and other relief as this Court deems just and proper.

## JURY TRIAL

75. Plaintiff demands trial by jury.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By: /s/ Andrew J. Martone
Andrew J. Martone, # 37382
Lori A. Schmidt, #45561
13354 Manchester Road, Suite 100
St. Louis, Missouri  63131
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
lorischmidt@hessemartone.com

*Attorney for Plaintiff Kelly Mitchell Group, Inc.*

## VERIFICATION

STATE OF MISSOURI    )
                    ) ss
COUNTY OF ST. LOUIS  )

**Lindsay Stroh**, being of lawful age and duly sworn upon her oath, states as follows:

1. I am the Regional Vice President of Kelly Mitchell Group, Inc.

2. The facts alleged in the Verified Complaint for Injunctive and Other Relief are based upon matters known personally to me and/or information provided to me by others, and are true and correct to the best of my knowledge, information and belief.

Subscribed and sworn to me, a Notary Public, on this 16 day of July, 2015.

Notary Public

My commission expires:



JOSE ANTONIO RODRIGUEZ
My Commission Expires
May 18, 2017

16